UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAURA M. SCALONE-FINTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:21-cv-11792-JEK |
| FALMOUTH PUBLIC SCHOOLS, MARY GANS, ALAN KAZARIAN, and DR. JOANY SANTA | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO SEAL**

**KOBICK, J.**

The defendants have moved, with the assent of the plaintiff, Laura Scalone-Finton, to seal 23 of the 46 exhibits attached in support of their pending motion for summary judgment. *See* Dkt. No. 58. Because the defendants have not demonstrated a compelling interest in restricting public access to the exhibits, nor have they complied with Local Rule 7.2, the motion is denied without prejudice to refiling.

Ms. Scalone-Finton asserts claims arising out of her removal from the payroll of the Falmouth Public Schools in the fall of 2020. On December 14, 2023, after a period of discovery, the defendants moved for summary judgment. *See* Dkt. No. 55. Attached to their Statement of Material Facts under Local Rule 56.1 were 46 exhibits. *See* Dkt. No. 57. The following day, the defendants filed a two-page assented-to motion seeking to seal 23 of the 46 exhibits in their entirety. *See* Dkt. No. 58.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

1

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). While this right is not absolute, "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *In re Providence Journal*, 293 F.3d 1, 10 (1st Cir. 2002)). To meet its burden to show good cause for an impoundment order, the party seeking to impound judicial records must make "a particular factual demonstration of potential harm" that would result if the public were to retain access to the documents. *Id.* at 60 (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987)); *see also Radfar v. City of Revere*, No. 1:20-cv-10178-IT, 2023 WL 4137295, at *2 (D. Mass. June 22, 2023). "Parties seeking to seal documents must explain, on a document-by-document basis, why sealing is required and how their request satisfies the applicable legal standard." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). And, in accordance with Local Rule 7.2(c), "[m]otions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise."

Judicial records filed in connection with motions for summary judgment fall within the presumptive right of public access. *See Bradford & Bigelow*, 109 F. Supp. 3d at 448 ("[T]here is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not.") (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 993 F.2d 157, 165 (3d Cir. 1993)). The defendants' motion to seal does not come close to demonstrating compelling reasons why that right of access should be restricted for half of the exhibits submitted in support of their motion for summary judgment. In support of their broad impoundment request, the defendants contend only that the 23 exhibits include "medical records, non-party employment records, [and] non-party school records." Dkt. No. 58, at 1. This

2

type of "conclusory statemen[t]," describing entire categories of documents, is insufficient to overcome the presumption of public access. *Kravetz*, 706 F.3d at 60 (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at 412). The defendants have not attempted to "explain, on a document-by-document basis, why sealing is required," nor have they made a narrower request to redact certain documents. *Bradford & Bigelow*, 109 F. Supp. 3d at 447.

Further, it is clear that impoundment would not be appropriate for many of the exhibits identified in the defendants' motion to seal. The deposition transcript of Ms. Scalone-Finton, for example, runs hundreds of pages, most of which do not contain sensitive information. Other exhibits reference medical diagnoses and information that has already been publicly disclosed in the plaintiff's complaint. *See* Dkt. No. 1; *Kravetz*, 706 F.3d at 63 (while medical information is presumptively private, an assertion of privacy in medical records "may lose some force in light of [the] prior publication of the information" sought to be impounded). Nor did the defendants comply with the procedural requirements of Local Rule 7.2 by moving to impound before submission of the material sought to be impounded or by specifying in their motion the earliest date on which any impoundment order may be lifted. *See* Local Rule 7.2(a), (c).

Accordingly, the motion to seal is DENIED. Should any of the parties wish to refile a narrower motion to impound any exhibits appended to the defendants' summary judgment motion or propose redactions in accordance with Fed. R. Civ. P. 5.2(a), they may do so within fourteen days of this Order. The documents will remain sealed until that time. If the parties do not file such a motion, the Court will unseal the documents on January 25, 2024.

IT IS SO ORDERED.

/s/ Julia E. Kobick  
United States District Judge

Dated: January 11, 2024